| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
|---|---|
| Herman Heath<br><br>        Plaintiff,<br><br>– against –<br><br>Superintendent Ted Lavalley,<br><br>        Defendant. | **MEMORANDUM & ORDER**<br><br>11-CV-02962 (ERK) |

KORMAN, J.:

  I assume familiarity with the underlying facts and circumstances of this case. Briefly, after a trial by jury in Kings County Supreme Court, petitioner Heath was convicted of two counts of robbery in the third degree, three counts of sexual abuse in the first degree, four counts of grand larceny in the fourth degree and one count each of criminal possession of stolen property in the fourth degree, theft of services, and petit larceny. Resp't's Supplemental Aff. in Opp'n to Pet. for a Writ of Habeas Corpus (Resp't's Supp'l Aff.) 4, ECF No. 11 (Page ID #95). The charges arose from Heath's attack, sexual assault, and robbery of two women in the vestibule of the women's building. *Id.* at 3 (Page ID #94). The petitioner's appeal to the Appellate Division was denied on February 9, 2010. *People v. Heath*, 70 A.D.3d 857 (N.Y. App. Div. 2d Dep't 2010). On June 29, 2010, the New York Court of Appeals denied leave to appeal. *People v. Heath*, 15 N.Y.3d 751 (N.Y. 2010).

### DISCUSSION

  I have passed over the lengthy procedural history following the filing of the petition here. The petition is untimely. Nevertheless, the case can easily be disposed of simply by addressing the merits of the three issues that petitioner raises.

*1.     Sufficiency of Evidence*

Heath contends that the evidence presented at trial was legally insufficient to sustain one of his robbery convictions. The Appellate Division held that this claim was unpreserved and "[i]n any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt." *People v. Heath*, 70 A.D.3d 857 (2010).

The Supreme Court has held that a conviction must be upheld against an insufficiency of evidence claim if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). "What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Cavazos v. Smith*, 132 S.Ct. 2, 4 (2011).

The petitioner here was convicted of two counts of robbery in the third degree, in violation of N.Y. Penal Law § 160.05. A person commits robbery in the third degree "when he forcibly steals property." N.Y. Penal Law § 160.05. The use or threatened use of physical force must be "for the purpose of" overcoming resistance to the taking of property or compelling the victim to turn over the property. N.Y. Penal Law § 160.00. Considered in the light most favorable to the prosecution, the evidence presented at trial was sufficient for a rational jury to conclude that the petitioner used force for the purpose of committing a larceny, not just to commit sexual assault. The complaining witness testified that the defendant hit her, sexually assaulted her, and stole her wallet. Resp't's Mem. Of Law in Opp'n to Pet. for Writ of Habeas Corpus 2-3, ECF No. 3 (Resp't's Opp'n Mem.) (Page ID #39-40); Pet. for Writ of Habeas Corpus, Exhibit 12-A, ECF No. 1 (Page ID #9). Under New York law, the intent to forcibly

2

steal can be "readily inferred from the defendant's conduct and surrounding circumstances" where the larceny occurred during the commission of an attack. *People v. Luke*, 279 A.D.2d 534, 535 (N.Y. App. Div. 2d Dep't 2001). That is the case here. Although Heath committed a sexual assault during the course of the attack, it was not unreasonable for the jury to conclude that he also used force for the purpose of accomplishing a larceny. On this record, I am unable to say that the holding of the Appellate Division that the evidence was sufficient was objectively unreasonable.

### 2. "Bolstering"

Heath argues that the prosecutor elicited testimony in contravention of the ban on "bolstering" under New York evidentiary law as described in *People v. Trowbridge*, 305 N.Y. 471 (1953). Pet. for Writ of Habeas Corpus, Exhibit 12-B, ECF No. 1 (Page ID #14). But *Trowbridge* errors are based on state law and so are not cognizable on federal habeas review. *See, e.g.*, *Franco v. Lee*, No. 10-CV-1210 (SJF), 2013 WL 704655, at *8 (E.D.N.Y. Feb. 26, 2013) (collecting cases); *Mendez v. Graham*, No. 11-CV-5492 ARR, 2012 WL 6594456, at *12 (E.D.N.Y. Dec. 18, 2012) (finding that a *Trowbridge* error is "a state law claim that does not raise a federal question"); *Smith v. Riley*, No. 90-CV-3094 (JG), 1995 WL 1079778, at *7 (E.D.N.Y. Jan. 26, 1995) ("A claim of improper 'bolstering' in violation of *Trowbridge* is not a cognizable basis for federal habeas relief."). Indeed, any error in "bolstering" is purely a state law matter and is not a violation of "constitutional magnitude." *Smith*, 1995 WL 1079778, at *7. The Supreme Court has instructed that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, the petitioner's claim for habeas relief on this ground fails.

*3.      Witness Outburst*

Heath also argues that his due process rights were violated when the trial court refused to grant a mistrial after one of the complaining witnesses broke down crying while testifying. Pet. for Writ of Habeas Corpus, Exhibit 12-B, ECF No. 1 (Page ID #20). During cross examination the witness said: "Stop it. Stop it. Stop it. I can't." and began crying very loudly. *Id.* (Page ID #18); Resp't's Opp'n Mem. at 19 (Page ID #71). The trial judge then cleared the courtroom. *Id.* While the jury was out of the courtroom, defense counsel moved for a mistrial, which the court denied. *Id.* at 19-20 (Page ID #71-72). When the jury returned, the court gave a curative instruction, directing them not to infer anything from the witness's "emotional outbreak." *Id.* at 20 (Page ID #72).

Due process is only violated by the presentation of improper evidence to the jury where the "type of evidence is so extremely unfair that its admission violates fundamental conceptions of justice." *Dowling v. United States*, 493 U.S. 342, 352 (1990) (internal quotation omitted). Emotional outbursts by witnesses are generally not found to meet this standard. *See, e.g.*, *Forte v. LaClair*, No. 07 CIV. 2533 (DLC), 2008 WL 4178143, at *4 (S.D.N.Y. Sept. 5, 2008); *Morris v. Phillips*, No. 04-CV-4597 (FB), 2006 WL 3694545, at *4 (E.D.N.Y. Dec. 13, 2006). The outburst here was an isolated incident that occurred during cross examination by defense counsel. There was no showing of any bad faith on the part of the prosecutor or the witness. Moreover, any possible sway the outburst had on the jury would have been corrected by the trial court's prompt curative instruction directing the jury to disregard the outburst while deliberating. "This accords with the almost invariable assumption of the law that jurors follow their instructions, *Francis v. Franklin,* 471 U.S. 307, 325, n. 9, 105 S.Ct. 1965, 1976, n. 9, 85 L.Ed.2d 344 (1985), which we have applied in many varying contexts." *Richardson v. Marsh*, 481 U.S.

200, 206 (1987); *see also Greer v. Miller*, 483 U.S. 756, 767 n.8 (1987); *United States v. Whitten*, 610 F.3d 168, 191 (2d Cir. 2010).

## CONCLUSION

The petition is denied. I also deny a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
September 30, 2014

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge

5